IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
**(Northern Division)**

| | |
|---|---|
| **MALIBU MEDIA, LLC,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**JOHN DOE, subscriber assigned** )<br>**IP Address 173.64.111.79** )<br>)<br>Defendant. )<br>) | Case No.: 1:13-cv-00353-MJG |

**DEFENDANT JOHN DOE'S REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION TO QUASH SUBPOENA BY PLAINTIFF, MALIBU MEDIA, LLC,
OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER**

COMES NOW the Defendant, John Doe, subscriber assigned IP Address 173.64.111.79 (hereinafter "Doe"), by and through a special appearance by his attorneys, Thomas L. Doran and Erin Hebert Cancienne, and DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP, and, pursuant to Federal Rule of Civil Procedure 26(c), and 45(3), hereby files this Reply to Plaintiff's Opposition to Defendant's Motion to Quash the Subpoena from Plaintiff, Malibu Media, LLC, or, in the Alternative, for a Protective Order regarding the subpoena from Plaintiff Malibu Media, LLC, and states as follows:

**I.   THE SUBPOENA SHOULD BE QUASHED TO PREVENT DEFENDANT DOE FROM UNDUE EMBARRASSMENT, OPPRESSION OR BURDEN**

Allowing this subpoena to proceed would be a travesty of justice. Respected members of the community certainly have a negative perspective of pornography. To be linked to pornography in public records, and then further to be accused to be a thief of the same material, can do nothing but

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____
17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691
_____
3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

cause the disdain and shunning of Defendant Doe.  It will cause undue embarrassment, and oppression.  No person should be subject to such disdain based on such a flawed identification as an IP address.

Defendant Doe adamantly denies the allegations in the Plaintiff's Amended Complaint.  Defendant Doe has a wireless router in his home.  As the router is a wireless router, it is accessible by unknown individuals.  The range of the router extends beyond Defendant Doe's home and to approximately a city block from his home.  Essentially, this lawsuit is penalizing Defendant Doe for not being savvy enough with computers to prevent an interloper, hacker or other unauthorized user from accessing his router.   Plaintiff has not shown any evidence that the individual subscriber identified as Doe was the actual downloader of the information as alleged in Plaintiff's Amended Complaint.

In  Patrick Collins Inc. v. Doe 1, 288 F.R.D. 233, 237-39 (E.D.N.Y. 2012), the Court acknowledged that many courts have shown "skepticism of the use of IP addresses to identify file sharing defendants in cases involving pornographic films."  The District Court in that case adopted the magistrate judge's finding that "an IP address alone is insufficient to establish 'a reasonable likelihood [that] it will lead to the identity of defendants who could be sued,'." Id.  Further, the Court in that case noted that "[d]ue to the prevalence of wireless routers, the actual device that performed the allegedly infringing activity could have been owned by a relative or guest of the account owner, or even an interloper without the knowledge of the owner." Id.  Further, the Court explained that even a secured network does not prevent possibility of infringement:

> Furthermore, a "secured" wireless network by no means ensures that the infringing activity was not performed by an interloper making unauthorized use of the account

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

———

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

———

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

DeCARO, DORAN, SICILIANO, GALLAGHER, & DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

holder's network.  Many modern wireless routers include a feature called WiFi Protected Setup ("WPS"), which is often turned on by default,  and is intended to allow users to more easily and securely add devices to their network. However, the United States Computer Emergency Readiness Team, a division of the Department of Homeland Security, warns that this feature has a design flaw that renders any network that uses it vulnerable to attack. U.S. Computer Emergency Readiness Team, Vulnerability Note VU #723755:     WiFi Protected Setup (WPS) PIN Brute Force Vulnerability (Dec. 27, 2011) available at http://www.kb.cert.org/vuls/id/723755.

The Court is hesitant to cite directly to information designed to compromise a computer network, but a simple internet search reveals that detailed instructions are widely available that would allow anyone with only a moderate degree of computer knowledge to "hack" any wireless network that uses this feature, using almost any modern laptop.  Furthermore, at least one website offers a $99 kit that gives the same capability to any user with even the most basic knowledge of computers.  Many routers also use a security method known as Wired Equivalent Privacy ("WEP"), which the FBI warns has its own share of exploitable vulnerabilities.  <u>Federal Bureau of Investigation, Got a Wireless Network? It's Time to Shore Up Security</u> (May 4, 2007) available at http://www.fbi.gov/news/stories/2007/may/wireless_050407.

If the Court were to hold internet account holders responsible for any interlopers and guests who might infringe on the Plaintiff's work, the Court would essentially be imposing a duty that every home internet user vigilantly guard their wireless network.  The Court declines to impose such a duty. See <u>AF Holdings, LLC v. Doe</u>, No. 12-CV-2049, 2012 U.S. Dist. LEXIS 125306, 2012 WL 3835102, at *3 (N.D. Cal. Sep. 5, 2012) ("AF Holdings has not articulated any basis for imposing on Hatfield a legal duty to prevent the infringement of AF Holdings' copyrighted works [by securing his wireless network], and the court is aware of none.").

<u>Patrick Collins, Inc. v. Doe</u>, 288 F.R.D. 233, 237-238 (E.D.N.Y. 2012).   The concerns raised by the court in Collins exactly mirrors what occurred in this case.  Defendant Doe has a wireless router and no knowledge of Bit Torrent, or the pornographic films referenced in the complaint.  Defendant Doe is the victim of misuse of his IP address and allowing the subpoena to go forward further punishes the victim.

Further, in the case of <u>Digital Sin, Inc. v. Does 1-176</u>, 279 F.R. D. 239, 242 (S.D.N.Y. 2012), the District Court stated:

The Court is concerned about the possibility that many of the names and addresses produced in response to Plaintiff's discovery request will not in fact be those of the individuals who downloaded "My Little Panties #2." The risk is not purely speculative; Plaintiff's counsel estimated that 30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material. Counsel stated that the true offender is often the "teenaged son ... or the boyfriend if it's a lady." (1/17/12 Tr. at 16). Alternatively, the perpetrator might turn out to be a neighbor in an apartment building that uses shared IP addresses or a dormitory that uses shared wireless networks. *See, e.g., Mot. to Quash Verizon Subpoena*, 11-CV-7564 (S.D.N.Y. Jan. 6, 2012) (Docket #11) (claiming that a Doe defendant did not know how to use a computer and implying that the perpetrator was a neighbor in his condominium). **This risk of false positives gives rise to "the potential for coercing unjust settlements from innocent defendants" such as individuals who want to avoid the embarrassment of having their names publicly associated with allegations of illegally downloading "My Little Panties #2."** SBO Pictures, Inc. v. Does 1-3036, 2011 U.S. Dist. LEXIS 137361, 2011 WL 6002620, at *4 (N.D. Cal. Nov. 30, 2011).

One Court in Virginia recently described this dynamic as follows:

> According to some of the defendants, [following the Court's grant of expedited discovery compelling the ISPs to turn over the names associated with 85 IP addresses,] the plaintiffs then contacted the John Does, alerting them to this lawsuit and their potential liability. Some defendants have indicated that the plaintiff has contacted them directly with harassing telephone calls, demanding $2,900 in compensation to end the litigation....
>
> This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does.

K-Beech, Inc. v. Does 1-85, 1 l-CV-00469, 2011 U.S. Dist. LEXIS 124581, at *6-7 (E.D. Va. Oct. 5, 2011) (Docket #9) (severing Doe defendants and issuing an Order To Show Cause demanding that attorney for plaintiff explain why Rule 11 sanctions were inappropriate) (emphasis added and internal citations omitted).

Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 242 (S.D.N.Y. 2012). (Emphasis Added).

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691
_____

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

Similarly, in <u>John Wiley & Sons, Inc. v. Doe</u>, 2013 U.S. Dist. LEXIS 36359, 7-8 (S.D.N.Y. Mar. 15, 2013), the Court again pointed out the "innumerable false-positives" by stating:

> Many of the defenses that courts have encountered in BitTorrent cases stem from the nature of identifying defendants solely by IP addresses, which leads to innumerable false-positives. The majority of American homes employ wireless routers, which allow a single IP address to support multiple computers simultaneously. <u>In re BitTorrent Adult Film Copyright Infringement Cases</u>, Nos. 11 Civ. 3995, 12 Civ. 1147, 12 Civ. 1150, 12 Civ. 1154, 2012 U.S. Dist. LEXIS 61447, 2012 WL 1570765, at *3 (E.D.N.Y. May 1, 2012). **In this sense, an IP address is "much like a telephone number [that] can be used for any number of telephones," such that "it is no more likely that the subscriber to an IP address carried out a particular computer function . . . than to say an individual who pays the telephone bill made a specific telephone call."** <u>Id</u>.; see also <u>Next Phase</u>, 284 F.R.D. at 170.

<u>John Wiley & Sons, Inc. v. Doe</u>, 2013 U.S. Dist. LEXIS 36359, 7-8 (S.D.N.Y. Mar. 15, 2013) (Emphasis added).

As explained by all of the foregoing decisions, there is a strong concern by courts that innocent defendants, who are completely unaware of any alleged copyright infringement and often unaware that their own IP address is compromised, will be identified and brought into court without any connection to the alleged illegal behavior. When the alleged infringement involves pornography, the vulnerability of these innocent defendants is even more acute as the allegation is not merely that the defendant essentially stole something, but then that what they stole is illicit in and of itself.

Defendant Doe would clearly be subject to extreme "annoyance, embarrassment, oppression, undue burden or expense," through being involved in this lawsuit. Defendant Doe is a well respected member of his community, with a wife and small child. Defendant Doe has not used Bit Torrent, downloaded pornography, or illegally downloaded any copyrighted material. By releasing Defendant Doe's information to Plaintiff, on unsubstantiated grounds that Defendant Doe was

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691
_____

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

actually the illegal downloader of the alleged offensive material, Defendant Doe faces the possibility that his reputation in the community will be irreparably harmed and that his family will face undue embarrassment for allegations which are completely unfounded. If Defendant Doe's information is released, Defendant Doe, who has done nothing wrong, may be forced to settle a case to avoid the embarrassment and stigma of having his name associated with pornographic films and illegal downloading of copyrighted material. Once Defendant Doe's name is associated with the actions alleged in the Amended Complaint, the embarrassment to not only Defendant Doe, but to his family, and the damage to Defendant Doe's reputation has occurred. It will not matter that Defendant Doe never actually downloaded any such films (as is the case in this matter), and it will not matter if Defendant Doe is later vindicated upon an adjudication of the merits in any future case. Defendant Doe should not be put into such a position based on allegations which cannot specifically be tied to him as an internet subscriber and at this point can only be tied to an IP Address.

## II. IN THE ALTERNATIVE, THIS HONORABLE COURT SHOULD ISSUE A STRICT PROTECTIVE ORDER PROVIDING FOR PROTECTION OF DEFENDANT'S IDENTITY AND FOR SWIFT SANCTIONS FOR ANY VIOLATION OF THE PROTECTIVE ORDER

At the minimum, should this Court require Verizon Internet Services to respond to the Plaintiff's subpoena, Defendant Doe requests that this Court issue a Protective Order to ensure that any information related to Defendant Doe's identity, including, but not limited to, his name, address, phone number, e-mail address, media access control address, and any other personal information that becomes discoverable based on the foregoing (and/or any similar information for members of his immediate family), remain sealed and strictly confidential to prevent any annoyance, embarrassment, oppression or harassment as justice requires. Such Protective Order should apply to both the

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691
_____

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

Plaintiff and to Verizon Internet Services, and to any other person or entity who becomes a party to this action and to any experts retained by Plaintiff in this case. Further, Defendant Doe requests that, if the information is released, Plaintiff would be subject to swift and severe sanctions for any violation of the confidentiality of that information.

WHEREFORE, the Defendant, John Doe, respectfully requests this Honorable Court grant Defendant's Motion to Quash, or, in the Alternative, Motion for Protective Order and provide the following relief:

a. Dismiss the case against this Defendant as Plaintiff has failed to state a claim that this individual subscriber was the actual downloader;

b. Quash the subpoena at issue;

c. To the extent the subpoena is not quashed, grant a protective order sealing and preventing the disclosure of any information obtained through a subpoena; and,

d. Provide any further relief to Defendant Doe that is just and proper.

Respectfully submitted,

DeCARO, DORAN, SICILIANO,
GALLAGHER & DeBLASIS, LLP

By: /s/ Thomas L. Doran
Thomas L. Doran, #03054
Erin Hebert Cancienne, #17257
17251 Melford Boulevard, Suite 200
Bowie, Maryland 20175
301/352-4950
301/352-8691 Facsimile
tdoran@decarodoran.com
**Counsel for Defendant, John Doe**

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Defendant John Doe's Reply to Plaintiff's Opposition to Motion to Quash Subpoena by Plaintiff, Malibu Media, LLC, or, In the Alternative, Motion for Protective Order was served via electronic filing, this 26th day of November, 2013, on:

Jon A. Hoppe
Maddox, Hoppe, Hoofnagle & Hafey, L.L.C.
1401 Mercantile Lane
Suite 105
Largo, Maryland 20774
jhoppe@mhhhlawfirm.com

and via facsimile and first-class mail, postage prepaid, to:

Verizon Legal Compliance
Custodian of Records
Post Office Box 1001
San Angelo, Texas 76902
**Facsimile 325/949-6916**

By:   /s/ Thomas L. Doran
      Thomas L. Doran, #03054

MotQuash-Reply.wpd

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691
_____

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548