# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# (Northern Division)

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:13-cv-00353-MJG |
| ) | |
| JOHN DOE, subscriber assigned ) | |
| IP Address 173.64.111.79 ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant, John Doe, subscriber assigned IP Address 173.64.111.79 (hereinafter "Doe"), by and through counsel, Thomas L. Doran and DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP, and, pursuant to Federal Rule of Civil Procedure Rules 12(b)(6), 11 and 56, hereby moves this Honorable Court to Dismiss the Amended Complaint of Plaintiff as to all Counts, and, for cause, states as follows:

## LEGAL ARGUMENT

**I.** **Defendant's Motion to Dismiss Should Be Granted as Plaintiff Failed to State a Claim Against Defendant**

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed. As stated in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-556 (U.S. 2007):

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
———
17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691
———
3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-556 (U.S. 2007) (Internal citations omitted). See, also, Foster v. Howard Community College, 2014 U.S. Dist. LEXIS 22628 (D.Md. Feb. 24, 2014). (Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action.")

One of the cases cited in Plaintiff's Opposition is Brubaker v. City of Richmond, 943 F.2d 1363, 1373 (4th Cir. 1991). However, this case was deciding whether a Rule 11 Motion should be granted and sanctions should be allowed against a party based on the pleadings. The court in that case actually stated:

> In evaluating the reasonableness of the investigation, it must be remembered that Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Fed.R.Civ.P. 11, notes of advisory committee on 1983 amendment. Rule 11 "does not seek to stifle the exuberant spirit of skilled advocacy or to require that a claim be proven before a complaint can be filed." [**26] Cleveland Demolition Co., 827 F.2d at 988. It should also be remembered that unartful pleading, such as through a vague and conclusory complaint, is irrelevant to the factual and legal inquiry required under Rule 11. Simpson v. Welch, 900 F.2d 33, 36 (4th Cir. 1990). "Creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." Davis v. Carl, 906 F.2d 533, 536 (11th Cir. 1990).

Id. Clearly, the 4th Circuit in Brubaker made a distinction between a creative complaint that should be dismissed, and a complaint that requires sanctions. Defendant in this matter is not seeking sanctions, but does contend that Plaintiff has failed to provide adequate factual support for the claims alleged in the Amended Complaint.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____
17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691
_____
3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

Plaintiff's Opposition refers to various statements in the Complaint that are unsupported by any facts, such as, Plaintiff alleges that Defendant was the actor, when the investigator could only confirm that the IP Address was being used. Further, Plaintiff makes an allegation that the titles somehow relate to Defendant's hobbies, profession or other interests. However, even after Plaintiff has taken Defendant's deposition, Plaintiff has no evidence that Defendant's hobbies, professions or other interests were related to the titles. There was no attempt to relate Defendant's hobbies, professions or other interests to the titles involved at the deposition, and it is clear that Plaintiff just made a bald conclusory allegation with no support. Plaintiff's allegations rely on extensive speculation and, even after a Motion for Summary Judgment was filed, Plaintiff could not provide any authenticated evidence to support the factual allegations it has made[1].

Plaintiff's Amended Complaint is nothing more than speculation, unwarranted inferences, and unreasonable conclusions. It ignores the facts of how IP addresses work, particularly when wireless routers are used in town home communities.

The truth is that Plaintiff's investigator can only say that it downloaded certain things from the Defendant's IP address, and even with this assertion, Plaintiff has failed to produce any authenticated evidence that this is the case. Plaintiff has not provided any sworn statement from its own investigator to support the inaccurate claims in the Plaintiff's Amended Complaint. The investigator has no knowledge as to whether the IP address was used by the Defendant, a family member inside the Defendant's home, a neighbor pirating the Defendant's internet access, or a

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
———
17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691
———
3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

---

[1] Defendant will further address Plaintiff's lack of evidentiary support to defeat a Motion for Summary Judgment below.

person in a parked car in the parking lot outside of the Defendant's town home. Plaintiff's Amended Complaint is based on allegations which cannot specifically be tied to the Defendant as an internet subscriber and can only be tied to an IP Address.[2] As such, Plaintiff has failed to state a claim for which relief can be granted, and its Amended Complaint should be dismissed.

II. **Defendant Is Entitled to Summary Judgment as a Matter of Law as Plaintiff Has Not Provided Any Support for Its Claims**

    A. **Defendant's Motion for Summary Judgment is Ripe for Ruling**

Rule 56(b) allows any party to file a Motion for Summary Judgment at any time until 30 days after the close of all discovery. There is nothing to preclude the Court from ruling on the Motion for Summary Judgment prior to completion of discovery; however, summary judgment is generally appropriate only after "adequate time for discovery." Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed. 2d 265 (1986)).

Plaintiff's Opposition states that "Defendant has not answered and the parties have not been afforded an opportunity for discovery." (P.1.) This ignores the fact that Plaintiff has already engaged in discovery in this case, including subpoenaing subscriber information from the internet provider (Verizon), and deposing this Defendant regarding the claims in this matter. Plaintiff's Opposition provides no explanation of what other discovery it seeks, or why that discovery is needed to prove its claim.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
⎯⎯⎯

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691
⎯⎯⎯

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

---

[2] While Defendant denies any infringement of any alleged copyright by anyone at his IP Address, this contention is irrelevant to this Motion. This argument is reserved for any future proceedings in this matter.

A non-moving party can show by affidavit that for certain reasons it cannot currently present facts essential to justify its opposition, and, in that case, the Court can outright deny the motion or defer ruling on the motion to allow additional time for discovery. Rule 56(d). However, a movant must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to rely on vague assertions that discovery will produce needed, but unspecified, facts. Mere conclusory assertions that additional discovery is necessary are insufficient for purposes of Fed.R.Civ.P. 56(f). Karim v. Staples, Inc., 210 F.Supp.2d 737 (2002).

In the instant case, Plaintiff has just made bald assertions that discovery is necessary without providing any basis for why it is necessary, or what discovery it will seek. As Plaintiff has already obtained a deposition of the Defendant, and has provided no explanation as to what other discovery would be needed in this matter, this Court should not delay in ruling on the pending Motion for Summary Judgment.

### III. Plaintiff has Provided No Authenticated Evidence to Support Its Factual Positions

The Rules require that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Once the moving party has made a *prima facie* showing of a lack of a genuine dispute of material facts, it becomes the non-moving party's burden to show the existence of a genuine dispute of material fact with **competent evidence** sufficient to "support a jury verdict." However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Fed.R.Civ.P. 56(a). See, also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

———

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

———

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

U.S. 317, 322 (1986). The Court has an affirmative obligation to prevent factually unsupported claims and defenses from proceeding to trial. Karim v. Staples, Inc., 210 F.Supp.2d 737 (2002)

If the evidence presented by the non-moving party is merely colorable, or is not significantly probative, summary judgment must be granted. On the other hand, a party opposing summary judgment must do more than simply show that there is some metaphysical doubt as to the material facts. A party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. Xerox Corp. v. Structural Sys., 2011 U.S. Dist. LEXIS 135970 (D.Md. Nov. 28, 2011); FTC v. Ross, 2012 U.S. Dist. LEXIS 80319 (D.Md. June 11, 2012); See, also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); In re Apex Express Corp., 190 F.3d 624, 633 (4th Cir. 1999); Shin v. Shalala, 166 F.Supp.2d 373, 375 (D. Md. 2001).

Federal Rule of Civil Procedure 56 provides the types of materials that may be submitted for the Court's consideration, and states:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1). The Court may only rely on facts supported in the record, not simply assertions in the pleadings, in order to fulfill its "affirmative obligation ... to prevent 'factually

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691
_____

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

unsupported claims or defenses' from proceeding to trial." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (citing Celotex, 477 U.S. at 323-24).

> Except for admissions, all of the materials Rule 56 allows in summary judgment are presented under oath. The oath, and the penalty of perjury which gives the oath its true power, gives the Court strong reason to believe that the materials supporting the motion or the opposition are authentic.

Iraheta v. Lam Yuen, LLC, 2013 U.S. Dist. LEXIS 177393, 3-5 (D.Md. Dec. 18, 2013) (Internal Footnote Omitted).

> "It is well established that that (sic) unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." Orsi, 999 F.2d at 92. See also DeBlois v. Gensel, No. CCB-07-2596, 2009 U.S. Dist. LEXIS 76027, 2009 WL 2713947, at *6 (D. Md. Aug. 26, 2009) (documents considered on summary judgment must be "authenticated by either an affidavit or deposition"); Meyers v. Lazer Spot, Inc., No. L-05-3407, 2008 U.S. Dist. LEXIS 48537, 2008 WL 2609386, at *4 (D. Md. June 25, 2008) (party may not rely on unauthenticated documents in support of summary judgment)2; Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 536, 541-42 (D. Md. 2007) ("unsworn, unauthenticated documents cannot be considered on a motion for summary judgment") (quoting Miskin v. Baxter Healthcare Corp., 107 F. Supp. 2d 669 (D. Md. 1999), also includes significant discussion of the standard for proving authenticity); Stanley Martin Co., Inc. v. Universal Forest Prods. Shoffner, LLC, 396 F. Supp. 2d 606, 612-13 (D. Md. 2005) (materials were admitted because they were sufficiently authenticated). The critical factor for authentication is demonstrating "through evidence ... a finding that the document is what the proponent claims." Stanley Martin Co., Inc., 396 F. Supp. 2d at 613 (citing Fed. R. Evid. 901). The question of how a document offered by a moving party may be authenticated was specifically addressed by the court in Stanley Martin. There, the court recognized that if a document satisfied Fed. R. Evid. 901, it would be sufficiently authenticated for consideration on summary judgment. Id., at 612-13. Stanley Martin is particularly relevant to the present case because it examined evidence introduced by the party moving for summary judgment. Like in Stanley Martin, it is critical here to know that the documents relied upon are what they purport to be.

DeCARO, DORAN, SICILIANO, GALLAGHER, & DeBLASIS, LLP
_____

17251 MELFORD BLVD. SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691
_____

3930 WALNUT STREET SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

Iraheta v. Lam Yuen, LLC, 2013 U.S. Dist. LEXIS 177393, 3-5 (D.Md. Dec. 18, 2013).

Plaintiff's Opposition relies heavily on the Amended Complaint and on Exhibit A attached to the Amended Complaint. However, neither of these documents is a sworn statement. The Amended Complaint states that a third party established a connection with the Defendant's IP Address and then downloaded the allegedly copyrighted movies[3] during that connection. The Amended Complaint, without any factual support, states that the Defendant was the one that downloaded, copied, or distributed the copyrighted movies. There is no authenticated evidence as to how Plaintiff makes the logical leap that downloading movies from the IP Address equates to Defendant's involvement in the downloads. Plaintiff does not even provide an affidavit or sworn statement from the alleged third party that established the connection, IPP International UG. As Plaintiff has made no attempt to present authenticated evidence to this Court, or to even provide an affidavit explaining why such evidence is unavailable, Plaintiff has not sufficiently supported its Opposition to Defendant's Motion for Summary Judgment.

Defendant, on the other hand, provided testimony under oath at deposition. Defendant adamantly denied the allegations in the Amended Complaint. Defendant explained that his town home is equipped with a wireless router, that the router had the default password from Verizon until Defendant received notice of this suit, that Defendant had Verizon change the password after receiving notice of this suit, and that the wireless router's range was beyond the bounds of

---

[3] Defendant reserves the right to challenge any allegation regarding the copyrights on any of the movies in future proceedings.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

Defendant's home into other residences and a parking lot. (Defendant Doe Deposition, pps. 12-13, and 27.)

Plaintiff's only reference to an authentic statement is to Defendant's Deposition. Unfortunately, Plaintiff's Opposition uses only a partial quote from the deposition in a way which is misleading to this Court. Plaintiff's Opposition indicates that Defendant never changed Defendant's password on the wireless router. See Opposition, p. 2. While Defendant did not personally set or change the password on the wireless router, Defendant's deposition testimony was:

> Q. And does your Wifi service have a password?
> A. Yes.
> Q. Did you create the password yourself?
> A. No.
> Q. Have you ever changed the password?
> A. No, I have not.
> Q. You say you have not. To your knowledge, has it been changed by someone else?
> A. I've asked Verizon, since this.
> Q. So I take it -- did it have the original password from the moment it was installed until you asked Verizon to change it?
> A. Yes.

Defendant Doe Deposition, pg. 13. From this testimony, it is clear that: 1) Defendant did ask Verizon to change Defendant's password; and 2) that it was changed. This is important because the alleged infringing behavior stopped after Defendant initially received notice of this matter, and presumably when the password was changed. Plaintiff's Opposition implies the only reason the infringement stopped was because Defendant had notice of the lawsuit, but ignores the fact that

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

―――

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

―――

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

Defendant had the password changed after notice of the lawsuit to stop anyone else from accessing the router.

As Plaintiff has not provided any authenticated evidence to support its factual contentions in this case, and Defendant has provided authenticated evidence to show that Plaintiff's claims are not grounded in fact, Defendant is entitled to Summary Judgment as a matter of law.

WHEREFORE, for the foregoing reasons, the Defendant, John Doe, respectfully requests this Honorable Court grant Defendant's Motion to Dismiss for Failure to State a Claim, Or, In the Alternative, Motion for Summary Judgment and provide the following relief:

A. Dismiss the case against Defendant Doe with prejudice, as Plaintiff has failed to state a claim that this individual subscriber was the actual downloader;

B. Enter Judgment in favor of Defendant Doe and against Plaintiff; and/or,

C. Provide any further relief to Defendant Doe that is just and proper.

Respectfully submitted,

DeCARO, DORAN, SICILIANO,
 GALLAGHER & DeBLASIS, LLP

By: /s/ Thomas L. Doran
Thomas L. Doran, #03054
17251 Melford Boulevard
Suite 200
Bowie, Maryland 20175
301/352-4950
301/352-8691 Facsimile
tdoran@decarodoran.com
***Counsel for Defendant***

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____

17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691
_____

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

- 10 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss for Failure to State a Claim, Or, In the Alternative, Motion for Summary Judgment was electronically filed and served this 8th day of December, 2014, on:

Jon A. Hoppe, Esquire
Maddox, Hoppe, Hoofnagle
 & Hafey, L.L.C.
1401 Mercantile Lane, Suite 105
Largo, Maryland 20774
jhoppe@mhhhlawfirm.com
***Counsel for Plaintiff***

    /s/ Thomas L. Doran
Thomas L. Doran, #03054

I:\Common\WP\L1\TLD\MalibuMedia\Motion To Dismiss - REPLY.wpd

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
———
17251 MELFORD BLVD.
SUITE 200
BOWIE, MARYLAND 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691
———
3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548