```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

MALIBU MEDIA, LLC                *

              Plaintiff           *

         vs.                      *    CIVIL ACTION NO. MJG-13-353

JOHN DOE subscriber assigned      *
IP address 173.64.111.79
                                  *
              Defendant
*     *      *      *      *      *      *      *      *      *
```

## MEMORANDUM AND ORDER RE: MOTION TO DISMISS

The Court has before it Defendant's Motion to Dismiss for Failure to State a Claim, or, in the Alternative, Motion for Summary Judgment [Document 69] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

I.   BACKGROUND

Malibu Media, LLC ("Malibu") has sued a number of individual "John Doe" defendants who are alleged to have used the BitTorrent file distribution network to download adult pornographic films in violation of Malibu's copyrights. When Malibu initiates the lawsuits, it is only able to identify the alleged infringers by reference to the Internet Protocol address ("IP address") through which the copyrighted work was downloaded.

In an effort to identify the person who committed the infringement, Malibu was granted leave of the Court in the instant case, as it has in other cases, to serve a Rule 45 subpoena on the Internet Service Provider ("ISP") in order to identify the account subscriber assigned to the relevant IP address on the date of the downloading of the copyrighted work. The ISP served in this case identified the owner of the account to which the IP address was assigned at the relevant time.

After deposing the identified account owner, Malibu amended the Complaint to identify Defendant – anonymously – as the subscriber who was assigned the IP address at issue during the relevant period of time. The Defendant seeks to have the Court dismiss Plaintiff's Amended Complaint [Document 33], or, in the alternative, seeks summary judgment on all claims.

II. <u>DISMISSAL STANDARD</u>

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] tests the legal sufficiency of a complaint. A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v.</u>

---

[1] All "Rule" references herein are to the Federal Rules of Civil Procedure.

Twombly*,* 550 U.S. 544, 555 (2007) (citations omitted). When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. However, conclusory statements or a "formulaic recitation of the elements of a cause of action" will not suffice. Id. A complaint must allege sufficient facts to "cross 'the line between possibility and plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

Inquiry into whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. Thus, if the well-pleaded facts contained within a complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. (quoting Ashcroft v. Iqbal*,* 556 U.S. 662, 679 (2009)) (internal quotation marks omitted).

III. DISCUSSION

Defendant contends that Malibu has failed to state a claim under Rule 12(b)(6) – and has also violated Rule 11(b)(3) –

because it has no evidence to support the allegations that Defendant personally violated any of Malibu's copyrights. Defendant denies downloading the copyrighted materials and argues that there are numerous other individuals who could potentially have accessed the copyrighted materials through Defendant's wireless router.

At this stage of the case – prior to Defendant's answer and prior to discovery – Malibu does not need to present evidence that Defendant infringed Malibu's copyrights. Allegations can be sufficient. Malibu's pleadings state that it owns the copyrights at issue and alleges that they were infringed by downloading by Defendant through the Defendant's IP address. A reasonably plausible claim of copyright infringement has been stated by Malibu based on the Complaint's alleged facts – "accepted as true" pursuant to Iqbal, 556 U.S. at 678. Defendant's denials and defenses are not sufficient to entitle him/her to dismissal of the complaint.

"So long as the facts that Malibu has alleged 'have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery,' Fed. R. Civ. P. 11(b)(3), Malibu must allege only those facts that are necessary to state a claim, and no more." Malibu Media, LLC v. Doe, No.

PWG-13-365, 2014 WL 7188822, at *9 (D. Md. Dec. 16, 2014). While Malibu may ultimately fail to prove its claims, the Court does not find the allegations in the Amended Complaint inadequate so as to warrant dismissal at this time.

Finally, Defendant's alternative motion for summary judgment is premature. "As a general rule, summary judgment is not appropriate prior to the completion of discovery." Minter v. Wells Fargo Bank, N.A., 593 F. Supp. 2d 788, 792 (D. Md. 2009)(citing Webster v. Rumsfeld, 156 Fed. Appx. 571, 575 (4th Cir. 2005)). "A district court therefore 'must refuse summary judgment where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition.'" Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore, 721 F.3d 264, 280 (4th Cir. 2013)(quoting Nader v. Blair, 549 F.3d 953, 961 (4th Cir. 2008)(alteration in original)).

Accordingly, Defendant's motion shall be DENIED.

IV. <u>CONCLUSION</u>

For the foregoing reasons:

1. Defendant's Motion to Dismiss for Failure to State a Claim, or, in the Alternative, Motion for Summary Judgment [Document 69] is DENIED.

2. Defendant shall file its Answer by May 1, 2015.

3. Plaintiff shall arrange a telephone conference to be held by May 29, 2015 to discuss the scheduling of further proceedings herein.

SO ORDERED, on Tuesday, April 14, 2015.

/s/
Marvin J. Garbis
United States District Judge